IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY McPETERS | § | |
| v. | § | CIVIL ACTION NO. 6:12cv924 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Johnny McPeters, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McPeters complained that he was denied access to the law library at the Coffield Unit, saying that the law librarian there will not lay him in for a legal visit as he has requested and the officers do not bring legal cases to inmates three times a week like the policies require. For relief, McPeters asked for "injunction at this time, I would like access, physical access to the law library."

On May 1, 2013, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as moot. The Magistrate Judge observed that McPeters is no longer at the Coffield Unit, but has been transferred to the Kyle Unit, which is located within the territorial jurisdiction of the Western District of Texas. Because McPeters is no longer at the Coffield Unit, the Magistrate Judge stated, he no longer has a personal stake in the outcome of a lawsuit seeking injunctive relief concerning access to the law library at the Coffield Unit, where he is no longer confined.

McPeters filed objections to the Magistrate Judge's Report on May 28, 2013. In his objections, McPeters says that the controversy is still live because the legal issues presented continue to affect the inmates at the Coffield Unit and it still affects him although he is at the Kyle Unit. He states that the Kyle Unit is under the Executive Director, Brad Livingston, a named defendant in the case, and Livingston has "adopted a policy which is unconstitutional and it's affecting trustys and the indigent prisoner with F-I-5." He goes on to argue that he has a right of access to courts in order to petition the government for redress of grievances.

In his original complaint, McPeters says that the Coffield Unit law librarian will not lay him in for a legal visit he asked for and that the officers don't bring cases three times a week like the policy says that they are supposed to. In attached grievances, he complains that inmates in the Coffield Unit trusty camp do not have physical access to the law library, so inmates have to submit I-60 request forms asking for copies of cases. McPeters says that "sometimes it takes 2-3 weeks to receive them and sometimes you will not get them at all." As noted above, the only relief sought is "injunction at this time, I would like access, physical access to the law library."

The complaint makes clear that McPeters' claims concern the conditions of confinement at the Coffield Unit. Although McPeters says in his objections that he is challenging "an unconstitutional policy" adopted by Brad Livingston, the Executive Director of TDCJ, he does not identify any such policy; rather, he acknowledges that cases are supposed to be provided three times a week but says that the officers at the Coffield Unit did not follow this policy. He also states that he requested legal visits but that the law librarian at the Coffield Unit denied his requests; however, McPeters does not attribute this denial to any policy implemented by the Executive Director of TDCJ.

The Magistrate Judge correctly determined that McPeters' claim concerning the conditions of confinement at the Coffield Unit, which sought only injunctive relief to remedy those conditions, was rendered moot by his transfer from that unit. *See* Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990); Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990). McPeters offers no basis upon which

to conclude that his claims were not mooted by his transfer or that they remain live even though he sought injunctive relief against the Coffield Unit and is now at the Kyle Unit. McPeters' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 10) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action is hereby DISMISSED as moot. The dismissal of this action shall not prevent McPeters from challenging the conditions of confinement at the Kyle Unit should he believe such action necessary. It is further

ORDERED that the dismissal of this lawsuit shall not count as a strike for purposes of 28 U.S.C. §1915(g). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 3rd day of June, 2013.**

                              **LEONARD DAVIS**
                              **UNITED STATES DISTRICT JUDGE**